IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**IAN BRENT WHITE,**

      **Plaintiff,**

      v.                                       CASE NO. 23-3034-JWL

**STATE OF KANSAS, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Ian Brent White brings this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is currently a prisoner at the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas, but his claims relate to his time at the Cowley County Jail ("CCJ") in Winfield, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed. The Court has also considered and denies Plaintiff's motion titled "Motion for Inhumane Treatment of Prisoner, Due Process, False Accusations of Prisoner" (Doc. 4).

**I. Nature of the Matter before the Court**

Plaintiff includes three counts in his Complaint (Doc. 1). First, he alleges violation of his due process right to a speedy trial. He asserts that he spent over 570 days waiting to go to trial. As Count II, Plaintiff alleges that his sentence violates House Bills 2120 and 2170. He claims that he has a disability, which puts him under House Bill 2120, and he was supposed to be sentenced under Houses Bill 2170. Last, as Count III, Plaintiff alleges "theft of priestly value" and "failure

1

to give currency exchange of a custom mint proof error bill." He claims that he had a custom mint proof error $20 bill taken, which was worth well over $20.

Plaintiff names as defendants the State of Kansas, the Cowley County District Court, and the Cowley County Jail. He seeks release from imprisonment, compensation for his time and the money stolen, and to have his record expunged and sealed.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

3

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that it is subject to dismissal for a number of reasons.

If, as it appears, Plaintiff is attempting to attack the validity of his state convictions, this action must be dismissed as an improper use of § 1983. *Alexander v. Lucas*, 259 F. App'x 145, 147 (10th Cir. 2007). The United States Supreme Court has held that if judgment in favor of the prisoner plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence[, then] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff's argument that his sentence violates state law certainly implies the invalidity of his sentence if accepted by a court, and his claim that his right to a speedy trial was violated implies the invalidity of his conviction. Because Plaintiff does not demonstrate that his conviction or sentence has already been invalidated, his claims are barred by *Heck*.

As for Plaintiff's request to be released from prison, such relief must be sought via a petition for a writ of habeas corpus after exhausting any available state-court remedies, rather than through a § 1983 action. *Brown v. McCray*, 74 F. App'x 875, 876–77 (10th Cir. 2003) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973)).

Plaintiff also names only defendants who are improper or immune from liability. The State of Kansas is not a "person" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S.

58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). In addition, the State of Kansas is absolutely immune to suit for money damages under the Eleventh Amendment. Consequently, suits against the State are barred, absent consent, regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006) (citing *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) ("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself.")); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)) ("It does not matter what form of relief a citizen might request in a suit against a state agency.")); *but cf. Will*, 491 U.S. at 71 (The Eleventh Amendment does not prevent suits against individual defendants in their official capacity for injunctive or declaratory relief, or against state officials in their individual capacities, or against private entities.).

The Cowley County Jail and the Cowley County District Court are also subject to dismissal. Prison and jail facilities and county courts are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will*, 491 U.S. at 66, 71 (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005).

Plaintiff's claim related to the "custom mint proof error bill" is subject to dismissal as well. Neither the negligent nor the unauthorized, intentional deprivation of property by a government employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available);

*Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (inmate could not present claim against warden under § 1983 for negligent loss of inmate's property where existence of state tort claims process provided due process).

Accordingly, property loss claims are not cognizable under § 1983 in federal court when a state's post-deprivation remedies are adequate to protect a plaintiff's procedural due process rights. Where states provide an adequate remedy, that remedy itself constitutes the due process required by the Fourteenth Amendment.  *Parratt,* 451 U.S. at 543–44; *McCormick v. City of Lawrence, Kansas,* 253 F. Supp. 2d 1172, 1198–99 (D. Kan. 2003) (citing *Hudson,* 468 U.S. at 530–33), *aff'd,* 99 F. App'x 169 (10th Cir. 2004); *see also Smith v. Colo. Dep't of Corr.,* 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").  Therefore, in order "to state a § 1983 claim, [Plaintiff] was required to plead the inadequacy or unavailability of a post deprivation remedy." *Montana v. Hargett,* 84 F. App'x 15, 16 (10th Cir. 2003) (unpublished) (citing *Durre v. Dempsey,* 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy")).

Kansas provides post-deprivation remedies to persons who believe they have suffered a tortious loss at the hands of government officials.  For example, Kansas law provides for conversion actions (*see, e.g., Herndon v. City of Park City, Kan.,* 2007 WL 3171524, *3 (assertion that "property has either been lost or disposed of, or remains in possession of defendant or its agents" represents the "textbook definition of conversion")) and claims under the Kansas Tort Claims Act.  These types of state procedures have generally been held sufficient to satisfy the

Case 5:23-cv-03034-JWL   Document 7   Filed 03/29/23   Page 7 of 9

requirements of due process. *Parratt,* 451 U.S. at 543–44; *see also Thompson v. City of Shawnee, 464 F. App'x 720, 724 (10th Cir. 2012); Harmon v. Williams,* 77 F. App'x 440, 441–42 (10th Cir. 2003) (unpublished); *Bridgeforth v. Field,* 153 F.3d 726, *2 (10th Cir. July 17, 1998) (Table), *cert. denied,* 525 U.S. 1154 (1999). Courts in this district have specifically determined that these Kansas procedures are adequate post-deprivation remedies for the type of harm alleged in Plaintiff's Complaint. *Roman v. FNU LNU Unknown State & Loc. Offs., Barton Cty., Kan.*, No. 12-3065-SAC, 2012 WL 1970384, at *4–5 (D. Kan. June 1, 2012) (citing *Herndon v. City of Park City, Kan.,* No. 07-1065-MLB, 2007 WL 3171524, at *3 (D. Kan. Oct. 25, 2007)). These remedies provide all the process that is due to Plaintiff.

The Court finds that Plaintiff fails to state a plausible federal constitutional claim of denial of due process for the reason that adequate post-deprivation remedies were available to him in state court.

Finally, Plaintiff seeks money damages to compensate for his "time and money stolen." He does not allege any physical injury.

Section 1997e(e) . . . provides in pertinent part:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Plaintiff's request for damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that was caused by the alleged deprivations of his

constitutional rights. The Court finds that Plaintiff's claim for damages is subject to being dismissed unless he alleges facts showing a prior physical injury.

### IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why the claims and defendants discussed above should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3034-JWL) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**V. Motion for Inhumane Treatment of Prisoner, Due Process, False Accusations (Doc. 4)**

In his motion, Plaintiff makes various allegations about his treatment at the Hutchinson Correctional Facility. The allegations are unrelated to his claims in this lawsuit. He states that he is filing a motion to sue HCF and the Kansas Department of Corrections.

Plaintiff's motion is denied. Plaintiff cannot sue based on a motion. He must file another complaint on the court-approved form and pay a separate filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **April 28, 2023,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 28, 2023,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Inhumane Treatment of Prisoner, Due Process, False Accusations of Prisoner (Doc. 4) is **denied**.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated March 29, 2023, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
