IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**IAN BRENT WHITE,**

      **Plaintiff,**

      v.                                      **CASE NO. 23-3034-JWL**

**STATE OF KANSAS, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 7) ("MOSC"). Before the Court is Plaintiff's Amended Complaint (Doc. 8) and a letter (Doc. 9) filed in response to the MOSC.

In the Complaint, Plaintiff included three counts. First, he alleged violation of his due process right to a speedy trial. As Count II, Plaintiff alleged that his sentence violates House Bills 2120 and 2170. Last, as Count III, Plaintiff alleged "theft of priestly value" and "failure to give currency exchange of a custom mint proof error bill." He claimed that he had a custom mint proof error $20 bill taken, which was worth well over $20. Plaintiff named the State of Kansas, the Cowley County District Court, and the Cowley County Jail as defendants. He sought release from imprisonment, compensation for his time and the money stolen, and to have his record expunged and sealed.

1

The MOSC found that Plaintiff had not stated an actionable claim because Plaintiff's attempt to attack the validity of his conviction or sentence was not a proper use of § 1983; his request to be released from prison must be brought via a petition for a writ of habeas corpus after exhausting any available state-court remedies, rather than through a § 1983 action; he only named defendants who were improper or immune from liability; adequate post-deprivation remedies for his property claim were available to him in state court; and he did not allege a physical injury to support his claim for monetary damages. *See* Doc. 7, at 4-8.

In response to the MOSC, Plaintiff filed an amended complaint. The only change Plaintiff made from the Complaint was in the named defendants. The Amended Complaint names Christopher Smith, Judge of the Cowley County District Court, and Christian Fazel, Cowley County District Attorney.

"Typically, judges, prosecutors, and witnesses enjoy absolute immunity." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1190 (10th Cir. 2008). "The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Id.* at 1195 (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* at 1193 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)). "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman,* 424 U.S. 409, 419 n.13 (1976). Therefore, the Amended Complaint is subject to dismissal because the named defendants are immune from liability.

3

In addition, because the Amended Complaint includes the same claims as the Complaint, it is subject to dismissal for the same reasons explained in the MOSC.  Plaintiff has failed to show good cause why his Amended Complaint should not be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**DATED:  This 8th day of May, 2023, at Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**